IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. DUFFY, as Executor of the Estate of John E. Duffy, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM J. DUFFY, as Trustee of the John E. Duffy Trust Agreement, PHYLLIS MCGOVERN DUFFY, PATRICIA BENAK, SHEILA LEONHARDT, MARGARET VAN STEENHUYSE, MICHAEL DUFFY, MARY BRIDGET DUFFY, and JOSEPH E. DUFFY, <br><br> Defendants, <br><br> v. <br><br> WILLIAM J. DUFFY, Individually, and UBS FINANCIAL SERVICES, INC., a Delaware Corporation, <br><br> Third-Party Defendants. | Case No. 05 C 3217 <br><br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Defendant Phyllis McGovern Duffy ("McGovern Duffy") removed this action from the Circuit Court of Will County, Illinois. William J. Duffy, as Executor of the Estate of John E. Duffy ("Decedent"), originally filed his complaint in state court seeking to resolve certain issues related to the Decedent's Last Will and Testament. Because Phyllis McGovern Duffy has not met her burden of proving that this Court has subject matter jurisdiction over the claims in the complaint, the case is remanded to the Circuit Court of Will County, Illinois.

**Factual and Procedural History**

On April 14, 2004, the Last Will of the Decedent, John E. Duffy, was duly admitted to probate. William J. Duffy is the Executor and Trustee of the Decedent's estate. The Decedent was survived by his second wife, Phyllis McGovern Duffy, and seven children from his first marriage, including William J. Duffy. Decedent and McGovern Duffy executed a Prenuptial Agreement on December 27, 2003, prior to their marriage. The terms of that agreement provided that McGovern Duffy "shall be given $5,000 per month from [the Decedent's] assets, including, but not limited to, his retirement plan assets (or from other taxable sources)."

William J. Duffy, as Executor and Trustee of the estate, paid $1,066,849 towards the amounts due for the estimated estate tax liabilities at the time of filing Applications for Extension of Time to file the inheritance tax returns. The sum paid by William J. Duffy included a contribution by him, personally, in the amount of $194,260. On October 14, 2004, McGovern Duffy filed a claim against the Decedent's estate for amounts due under the Prenuptial Agreement. On April 28, 2005, William J. Duffy filed a complaint in the Circuit Court for Will County asking the court to assess and fix the inheritance tax liabilities and costs of administration of the estate, to determine the validity of the claim made against the estate by Phyllis McGovern Duffy and to declare that William J. Duffy was entitled to reimbursement for the funds he contributed personally to the payment of the estate's taxes.

Among the estate's assets are retirement accounts established pursuant to Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.*, ("ERISA"). These retirement accounts are the John E. Duffy MD Employee Profit Sharing Plan in UBS Financial Services Account #KW 01031 04, with an alleged value of $160,790, and UBS Financial Services, Inc. individual retirement account #UX95059, with an alleged value of $2,946,111. The Complaint

alleges "[t]hat the Decedent's children by his marriage to Mary Ann Duffy are the designated beneficiaries of said IRA account and the account is therefore not an asset of either the Decedent's probate estate or the John E. Duffy Trust Agreement." (Compl. ¶ 22). Also, "[t]hat a significant amount of the federal estate, State of Illinois estate and State of Arizona inheritance tax liabilities and costs of administration for the estate are nevertheless attributable to the IRA account." (Compl. ¶ 23). Finally, "[t]hat the [Executor] cannot complete and file [the estate taxes] . . . without a determination of the interest of Phyllis McGovern Duffy in the Decedent's estate and/or the Decedent's UBS Financial Services IRA account #UX95059 and/or without a determination of the validity of the Claim filed against the estate by Phyllis McGovern Duffy." (Compl. ¶ 29.) McGovern Duffy removed the action to federal court on May 31, 2005 and filed a third party complaint against William J. Duffy and UBS Financial Services, Inc. seeking declaratory and injunctive relief as to her rights to the funds held in these retirement accounts.

On November 22, 2005, this Court ordered *sua sponte* McGovern Duffy to file a memorandum demonstrating why this Court has subject matter jurisdiction over the case. McGovern Duffy filed a memorandum on December 6, 2005, UBS filed a response in support of remanding the action on December 12, 2005 and McGovern Duffy filed a reply memorandum on February 15, 2006. On March 1, 2006, this Court entered an order withholding its ruling on the remand issue given the significant congruence of the questions presented with a case before the United States Supreme Court, *Marshall v. Marshall*, 126 S.Ct. 1735 (2006). On May 1, 2006, the Supreme Court issued its decision in *Marshall* defining the scope of the probate exception to federal jurisdiction.

**DISCUSSION**

The removing party has the burden of demonstrating that jurisdiction is proper. *In re Matter of the Application of County Collector of the County of Winnebago, Illinois*, 96 F.3d 890, 895 (7th Cir. 1995). Removal must be predicated on jurisdiction over the claims in the original complaint and not any third party complaint filed in the case. *Adkins v. Illinois Central Railroad Co.*, 326 F.3d 828, 835-36 (7th Cir. 2003). A court will not simply accept allegations in the complaint for purposes of determining jurisdiction, jurisdiction must be demonstrated through competent proof. *See Hay v. Indiana State Board Tax Commissioners*, 312 F.3d 876, 879 (7th Cir. 2002) (holding that a district court has "not only the right, but the duty to look beyond the allegations in the complaint" to determine if it has jurisdiction).

The removing party, McGovern Duffy, argues that jurisdiction is proper because when the allegations in the Complaint are read together, "they constitute allegations by the Executor of the Estate of John E. Duffy that he is entitled, under the Doctrine of Equitable Apportionment, to be reimbursed for various expenditures that he has made from assets in which John E. Duffy had an interest at the time of his death, including the John E. Duffy Profit Sharing Plan with assets of $160,709.00." The John E. Duffy Profit Sharing Plan, like his individual retirement account, is an ERISA-governed plan. Thus, as McGovern Duffy's argument goes, because § 502 of ERISA provides William J. Duffy a cause of action to enforce his rights to the retirement plans' funds, federal jurisdiction exists by virtue of the complete preemption doctrine.[1]

Based on *Marshall*, this Court holds that William J. Duffy's claim for Equitable Apportionment is reserved to the state court under the probate exception to federal jurisdiction.

---

[1] McGovern Duffy has not argued that any other claim in the Complaint nor any other provision of ERISA confers subject matter jurisdiction.

Additionally, William J. Duffy's state law claim is not completely preempted by ERISA and thus no federal question exists to vest subject matter jurisdiction in this Court. Accordingly, remand to the state court is proper.

**The Probate Exception**

"[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."[2] *Marshall v. Marshall*, 126 S.Ct. 1735, 1746 (2006); *see also Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296 (1946). William J. Duffy's claim asks the court to equitably apportion the assets of the estate to reimburse him for the tax liability that he personally paid on behalf of the estate. Whether William J. Duffy is entitled to reimbursement for his personal payment of the estate taxes and administrative costs and, if so, from which asset such reimbursement should be paid, are questions properly reserved for a state probate court. Such questions require an interpretation of the will and are intertwined with the administration of the estate. *See Estate of Rosta,* 111 Ill. App. 3d 786, 792, 444 N.E.2d 704, 709 (1982) (applying Equitable Apportionment doctrine).

McGovern Duffy argues in response that because William J. Duffy is asserting a claim to the assets of a pension plan governed by ERISA, an asset that is not part of the probate estate, the probate exception should not apply. Under Illinois law, the probate court has jurisdiction over a decedent's probate and non-probate assets alike in apportioning expenses for the administration of

---

[2] In *Marshall*, the plaintiff sought "an *in personam* judgment against Pierce, not the probate or annulment of a will," and she did not "seek to reach a *res* in the custody of a state court." *Id.* at 1748.

the estate and the payment of taxes. *See* 755 ILCS 5/18-14;[3] *Estate of Gowling*, 82 Ill. 2d 14, 22, 411 N.E.2d 266 (1980) (holding that "a proportionate share of the Federal estate tax liability . . . should be borne by the nonprobate interests . . . since those interests generated a large part of the estate tax liability); *Roe v. Farrell*, 69 Ill. 2d 525, 372 N.E.2d 662 (1978) (affirming circuit court's equitable apportionment of estate tax liability between recipients of probate and nonprobate estate assets). Therefore, William J. Duffy's claim for reimbursement both involves the administration of the estate and endeavors to dispose of property that is in the custody of a state probate court. As such, the claim falls squarely within the probate exception to federal subject matter jurisdiction.

**ERISA Preemption**

An action brought under ERISA, or completely preempted by ERISA, arguably could trump or supercede the probate exception to federal jurisdiction. *But see Estate of Lewis*, 128 F. Supp. 2d 573, 574 (N.D. Ill. 2001) (holding that "the ERISA preemption claimed by MetLife to confer federal jurisdiction does not trump – does not supercede – the long-established probate exception to all other potential sources of federal jurisdiction"). The Court, however, need not decide whether ERISA creates jurisdiction in the federal courts over probate matters previously excepted, because William J. Duffy's Equitable Apportionment claim is not completely preempted by ERISA. *See Marshall*, 126 S.Ct. at 1741 (explaining that the probate exception is not mandated by the Constitution or federal statute but rather stemmed from misty understandings of English legal history); *Markham*,

---

[3] "Estate chargeable with legacies, expenses and claim. All the real and personal estate of the decedent and the income therefrom during the period of administration are chargeable with the claims against the estate, expenses of administration, estate and inheritance taxes and legacies without distinction except as otherwise provided in this Act or by decedent's will and may be leased, sold, mortgaged or pledged as the court directs in the manner prescribed in this Act."

326 U.S. at 494 ("[T]he equity jurisdiction conferred by the Judiciary Act of 1789 . . . , which is that of the English Court of Chancery in 1789, did not extend to probate matters").

The ERISA statute has two preemption provisions – §§ 502(a) and 514(a). *See* 29 U.S.C. §§ 1132(a) and 1144(a). Section 502(a) creates the exclusive remedy for a participant or beneficiary of an ERISA plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Section 514(a) provides that federal ERISA law "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." The critical jurisdictional difference between these sections is that "complete preemption under § 502(a) creates federal question jurisdiction whereas conflict preemption under § 514(a) does not." *Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir. 1995).

Normally, a court looks only at the well-pled allegations in the Complaint to determine whether federal subject matter jurisdiction exists. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546 (1987) ("It is long-settled law that a cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law"); *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (outlining framework for removing federal question cases from state court). Complete preempetion is an exception to the well-pleaded complaint rule. *See Taylor*, 481 U.S. at 60, 107 S.Ct. at 1544-45. Where Congress has completely preempted an area of law, a plaintiff's state law claim will be "recharacterized" as a federal claim so that removal becomes proper. *See Avco Corp. v. Aero Lodge No. 735 Int'l Ass'n of Machinists and Aerospace Workers,* 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). All state law causes of actions falling

within the scope of § 502(a)'s civil remedy provision are completely preempted. *Taylor,* 481 U.S. at 67, 107 S.Ct. 1542. The relevant question thus becomes whether William J. Duffy's claim for Equitable Appointment is covered by § 502(a). *Id.* at 63.

Three factors are necessary for a claim to be brought under § 502(a): first, plaintiff must have standing to bring a claim under § 502(a); second, plaintiff's claim must be within the subject matter enforceable under § 502(a); and, third, plaintiff's claim must require interpretation of the ERISA plan. *Klassy v. Physicians Plus Ins. Co.*, 371 F.3d 952, 955 (7th Cir. 2004); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996). While it is possible that the first two prongs are satisfied, it is certain that the third prong is not.

William J. Duffy's claim for Equitable Apportionment does not require an interpretation of the retirement plans. Stated another way, he does seek to recover benefits due to him *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms of the plan*. On this point, McGovern Duffy has not cited any provision of the retirement plans that would be relevant to resolving William J. Duffy's claim. Instead, the Equitable Apportionment claim depends on a reading of the Decedent's will as well as the application of general principles of equity and fairness – factual inquiries independent from the terms of the retirement plans. *See Estate of Rosta,* 111 Ill. App. 3d at 792, 444 N.E.2d at 709 (stating that Equitable Apportionment doctrine is based on notions of equity and fairness); *Estate of Fender*, 96 Ill. App. 3d 1029, 1032, 422 N.E.2d 107, 109-110 (1981) ("[T]estator clearly retains the right to designate in his will what portion of the estate will assume primary liability for the payment of death taxes"). It is simply not enough to invoke federal jurisdiction that some of the funds used to satisfy William J. Duffy's claim may come from an ERISA-governed plan. *See Rice*, 65 F.3d at 645

(explaining the "fairly narrow" scope of complete preemption under ERISA). Accordingly, William J. Duffy's state law claim for Equitable Apportionment is not completely preempted, will not be recharacterized as a federal claim and no federal question jurisdiction exists.

**Attorneys' Fees and Costs**

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This Court, in its discretion, may award attorneys' fees or costs incurred in defending against a case improperly removed regardless of whether a party acted in bad faith in removing the case. *See Tenner v. Zurek*, 168 F.3d 328, 329 (7th Cir. 1999). Given the fact that the Court raised the issue of jurisdiction *sua sponte*, no party is entitled to any fees or costs under § 1447(c).

**Conclusion and Order**

Because William J. Duffy's claim for Equitable Apportionment involves the administration of the estate and endeavors to dispose of property that is in the custody of a state probate court, the claim is a probate matter excepted from federal subject matter jurisdiction. More basically, McGovern Duffy has not demonstrated that the instant controversy involves the federal question necessary to satisfy this Court's subject matter jurisdiction. Wherefore, the matter is ordered remanded to the Circuit Court for Will County, Illinois.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: May 19, 2006